**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Action No.

UNITED STATES OF AMERICA,

Plaintiff,

v.

MAXWELL IFEANYI THOMAS,

Defendant.

# PLEA AGREEMENT

The United States of America (the government), by and through Albert Buchman, Assistant United States Attorney for the District of Colorado, and the defendant, Maxwell Ifeanyi Thomas, personally and by counsel, James Castle, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

## I. AGREEMENT

### A. The Defendant's Agreement:

The defendant agrees to

(1) plead guilty to Count 1 of the Information charging a violation of 18 U.S.C. § 922(a)(1)(A), Engaging in the Business of Dealing Firearms Without a License;

(2) waive certain appellate and collateral attack rights, as explained in detail below;

(3) agree not to contest forfeiture as more fully described below; etc.

COURT
EXHIBIT
1

**B. The Government's Obligations:**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(B). The government agrees to

(1) recommend a sentence at the low-end of the advisory guideline as finally calculated by the Court and a term of supervised release;

(2) recommend any sentence be imposed concurrently with ~~20th~~ 18th Judicial District Court case no. 25CR2508;

(2) provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b) if applicable

The parties understand that this agreement is not binding on the Court.

**C. The Defendant's Waiver of Appeal:**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statute[s] of conviction;

(2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as

determined by the district court) at a total offense level of 25 or

(3) the government appeals the sentence imposed.



If the first criterion applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

The United States agrees not to argue a procedural bar to a prosecutorial misconduct claim raised in a § 2255 petition based on the failure of the defendant to raise that issue on direct appeal.

The defendant also waives the right to appeal any sentence imposed below or within the guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of

supervised release, even if that sentence falls below or within the guideline range calculated by the court.



The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

**D. Forfeiture of assets**:

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere. The assets to be forfeited specifically include, but are not limited to:

1) Glock model 43X 9mm caliber handgun bearing serial number CETS312;
2) Glock model 23 .40 caliber handgun bearing serial number WEF482; 3) Radical Firearms model RF-15 5.56 caliber rifle bearing serial number 21031990;
4) Romarm model Draco 7.62 caliber handgun bearing serial number 24PMD-67749;
5) Glock model 19Gen5 9mm caliber handgun bearing serial number BSCT736;
6) Smith & Wesson model M&P 9 M2 9mm caliber handgun bearing serial number NCF1422.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send



notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of Engaging in the Business of Dealing Firearms Without a License are as follows:

**Count One: 18 U.S.C. § 922(a)(1)(A)**

*First*: the defendant was a dealer in firearms, engaged in the business of selling firearms at wholesale or retail;

*Second*: the defendant engaged in such business without a license issued under federal law; and

*Third*: the defendant did so willfully, that is, that the defendant was dealing in firearms with knowledge that his conduct was unlawful.

## III. STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count 1 of the Indictment is: not more than five years' imprisonment; not more than $250,000 fine; or both; not more than three years of supervised release; $100 special assessment fee.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.



## V. STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree the government would be able to prove the following facts at trial:

Between and including on or about April 27, 2022, and continuing until on or about September 3, 2025, in the State and District of Colorado, the defendant sold firearms at retail. In doing so, the defendant engaged in a business of dealing firearms by devoting time, attention, and labor to dealing firearms as a regular course of

business with the

principal objective of livelihood and profit through the repetitive purchase and resale of firearms. The defendant profited from his firearms sales. All firearms sold in this business met the federal definition of "firearm."

At no time has the defendant obtained or held a Type 01 federal firearms license that allowed him to engage in the business of dealing firearms. The defendant knew his dealing firearms without a license was unlawful.



As a part of this business, the defendant sold stolen firearms. The defendant agrees his involvement with stolen firearms is relevant conduct per USSG § 1B1.3. As a part of this business, the defendant bought two Anderson Manufacturing receivers and manufactured an Anderson Arms model AM-15 rifle bearing serial number 24043625. The purple-in-color rifle was determined to have a barrel less than 16 inches in length. The defendant knew the barrel was less than 16 inches in length. A check of the National Firearm Registration and Transfer Record was performed, and the defendant had no firearms registered to him including the rifle. The defendant agrees his involvement with this rifle is relevant conduct per USSG § 1B1.3.

As a part of this business, the defendant specifically bought a Century Arms model Draco .762 caliber handgun bearing serial number 24PMD-67749 on or about March 22, 2025. He later sold the firearm to F.L., a federal firearms licensee on or about September 28, 2024. The ATF recovered the firearm from F.L. At the time of recovery, a machine gun conversion device was installed on the handgun. Investigators determined that the machine gun conversion device met the definition of a machine gun under 18 U.S.C. §

921(a). Furthermore, the defendant knew machine gun conversion device was a weapon or any part intended for converting a weapon into a machine gun that is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The defendant agrees his involvement with this handgun and machine gun conversion device is relevant conduct per USSG § 1B1.3. **VI. ADVISORY GUIDELINE CALCULATION**

The parties understand that the imposition of a sentence in this matter is governed



by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government also has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

a) The base offense level is **20**. USSG § 2K2.1(a)(4)

b) Specific offense characteristics:

a. The government believes there is a **six-level increase** under USSG § 2K2.1(b)(1)(A) (25-99 firearms). The defendant disputes this enhancement, believing either a two- or four-level enhancement applies under USSG § 2K2.1(b)(1)(A) or (B).

b. There is a **two-level increase** under USSG § 2K2.1(b)(4) (stolen firearm).

c) The government believes that the adjusted offense level is **28**, the defendant either **24 or 26.**

d) The defendant should receive a three-level adjustment for acceptance of responsibility under USSG § 3E1.1. The government believes the resulting total offense level therefore would be **25**, the defendant **21** or **23**.

e) The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior



convictions. The parties believe the defendant is in criminal history category **I.**

f) The career offender/criminal livelihood/armed career criminal adjustments do not apply.

g) The advisory guideline range resulting from these calculations is **57- 60 months' imprisonment**.[1] However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 57 months (bottom of Category I) to 137 months' (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

Because the defendant disputes an enhancement, he believes that the advisory guideline range is either **37-46 months' or 46 to 57 months' imprisonment**.

h) Pursuant to guideline § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $20,000 to $200,000, plus applicable interest and penalties.

i) Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised

release, that term is at least one year but not more than three years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

[1] The advisory range is capped by the statutory maximum of five years' imprisonment. USSG § 5G1.1(a).



## VII. ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 5/14/26 ______________________ Maxwell Ifeanyi Thomas
Defendant

Date: 5/14/26 ______________________ James Castle
Attorney for Defendant

Date: 6/29/26 ______________________ Albert Buchman
Assistant U.S. Attorney